**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.

HILDEGARD B. HERRIAGE,                                    Plaintiff,

v

TIMOTHY A. DUNN, M.D., and SPECTRUM
HEALTHCARE RESOURCES, INC., A
DELAWARE CORPORATION,

                                                                                Defendants.

**COMPLAINT**

**JURISDICTION**

1.  Plaintiff Hildegard B. Herriage is a citizen of the State of Colorado and Defendant Spectrum Healthcare Resources, Inc., is a Corporation incorporated under the laws of the State of Delaware, having its principal place of business in a state other than the State of Colorado. Defendant Timothy A. Dunn, M.D., is a citizen of the State of Colorado. The Court has pendent jurisdiction over Defendant Timothy A. Dunn, M.D. The matter in controversy exceeds, exclusive of interest and costs, the sum or value specified by 28 USC Section 1332.

**PARTIES**

2.  Plaintiff, Hildegard B. Herriage, at all times relevant, resided in Colorado Springs, County of El Paso, State of Colorado which is within the District of Colorado. The acts and omissions complained of occurred within the District of Colorado.

3.  Defendant, Timothy A. Dunn, M.D., hereinafter referred to as Defendant Dunn, at

1

all times relevant, resided in Colorado Springs, County of El Paso, State of Colorado which is within the District of Colorado.  Defendant Dunn practices medicine in the State of Colorado. Defendant Dunn is a radiologist employed and worked at all times relevant at the United States Air Force Academy Hospital, United States Air Force Academy, Colorado, 80840, hereinafter referred to as USAFA Hospital.  Services at the USAFA Hospital by Defendant Dunn were provided pursuant to a contract with the Defendant, Spectrum Healthcare Resources, Inc.

4.  Defendant, Spectrum Healthcare Resources, Inc., hereinafter referred to as Defendant SHR, is a Delaware Corporation, with its principal place of business at 1900 Winston Road, Knoxville, Tennessee 37919, whose registered agent is, Corporation Service Company, 1560 Broadway, Suite 2090, Denver, Colorado 80202.  Defendant SHR provides clinical personnel, to include physicians, to the US military health system (MAHS), which includes the USAFA Hospital.

5.  Defendant Dunn at all times relevant was an employee of Defendant Spectrum Healthcare Resources, Inc., who retained Defendant Dunn to work at the USAFA Hospital.

**FIRST CLAIM FOR RELIEF**
*Negligence - Timothy A. Dunn, M.D.*

6.  Plaintiff adopts by reference and makes a part hereof paragraphs 1 through 5 above.

7.  At all times referred to herein, Defendant Dunn, was a healthcare provider practicing medicine, at the United States Air Force Academy Hospital and was an employee of Defendant SHR, and acting within the scope of his office and employment.

8.  At all times referred to herein, there existed between the physician, Defendant Dunn

and Plaintiff Hildegard B. Herriage, a relationship of physician-patient.

9. Plaintiff Hildegard B. Herriage, underwent a mammogram at the Peterson AFB Clinic, Colorado, 80914 on May 25, 2004, which was interpreted by Defendant Dunn.

10. Defendant Dunn negligently read the Plaintiff's mammogram as being "Normal / Benign".

11. On May 25, 2005, the Plaintiff underwent a mammogram at the Peterson AFB Clinic, Colorado 80914, which was interpreted by Defendant Dunn as, "Abnormal". The findings by Defendant Dunn state, "... there are about 30 calcifications in a small area of tissue. The magnification views show some other smaller groups of microcalcifications scattered randomly throughout the left breast, most of these having five to eight calcifications within a group." The report went on to say, "The calcifications have notably increased in number from the previous study where in retrospect approximately 10 calcifications may have been present in the same area last year."

12. On September 6, 2005, the Plaintiff underwent a double mastectomy at Memorial Hospital, Colorado Springs, Colorado. The microscopic diagnosis by the University of Colorado Health Sciences Center, revealed invasive, moderately differentiated ductal carcinoma, Nottingham combined histologic grade II/III, 0.7cm in maximum dimension. The diagnosis further included, "sentinel lymph node, left axillary, "A," biopsy, One lymph node with micro metastasis of breast carcinoma (0.33mm in maximum dimension), (1/1)."

13. Had Defendant Dunn read the mammogram of May 25, 2004, within the standard of care, the diagnosis would have been "ductal carcinoma in situ" (DCIS), which is normally not

life threatening. DCIS is not invasive, and is considered the earliest form of cancer-stage 0. In most cases, the treatment for DCIS is breast conserving surgery, lumpectomy.

14. As a direct and proximate result of the negligent failure of Defendant Dunn to accurately interpret the May 25, 2004, mammogram, Plaintiff's cancer was increased from a Stage 0 to a Stage IIA, with diagnosis of invasive carcinoma.

15. As a direct and proximate result of the negligent failure of Defendant Dunn to accurately interpret the May 25, 2004, mammogram, the Plaintiff also had a mastectomy of her breast, chemotherapy, radiation treatment, surgeries and other medical treatment.

16. Had an accurate interpretation of the Plaintiff's mammogram by Defendant Dunn on May 25, 2004, been conducted in accordance with the standard of care, it is probable that the Plaintiff would have been diagnosed with Stage 0 ductal carcinoma in situ (DCIS), and the Plaintiff would have had a 100% chance of long term survivability. Because of the 12 month delay in diagnosing the cancer of the Plaintiff, the Plaintiff's survivability has decreased significantly. Therefore, the Plaintiff has experienced a significant loss of chance of survival as a direct and proximate result of Defendant Dunn's negligence.

17. As a direct and proximate result of the Defendant Dunn's negligence as stated above, the Plaintiff Hildegard B. Herriage has had to undergo extensive testing, invasive procedures, cosmetic surgery and other surgical procedures all of which would have been unnecessary had Defendant Dunn accurately interpreted the May 25, 2004 mammogram.

18. Risk of recurring cancer has caused the Plaintiff to suffer greatly from a fear of increased risk of recurrent cancer and a shortened life expectancy.

19. As a direct and proximate result of the negligence of Defendant Dunn to accurately interpret the May 25, 2004 mammogram, the Plaintiff has suffered permanent impairment and disfigurement in the loss of her breast and a total hysterectomy.

## SECOND CLAIM FOR RELIEF
*Negligence - Defendant SHR - Respondeat Superior*

20. Plaintiff adopts by reference and makes a part hereof paragraphs 1 through 19 above.

21. At all times relevant and material to the incident set forth herein, Defendant Dunn was an employee and agent of Defendant SHR and was acting within the course and scope of that employment when he negligently failed to accurately interpret as the radiologist the mammogram of the Plaintiff on May 25, 2004, as more fully set forth above.

22. Pursuant to Respondeat Superior, the Defendant SHR is vicariously liable for the tortuous conduct and actions of Defendant Dunn.

## DAMAGES

23. Plaintiff adopts by reference and makes a part hereof paragraphs 1 through 22 above.

24. As a direct and proximate result of the negligent acts and omissions of Defendant Dunn, Plaintiff, Hildegard B. Herriage has had to undergo otherwise unnecessary surgeries, diagnostic studies, invasive treatment, examinations and will likely undergo further otherwise unnecessary surgeries, evaluations, testing and treatment, invasive and non invasive, in the future, all causing unnecessary pain, suffering, loss of enjoyment of life, humiliation, emotional

distress, past and future medical expenses, loss of wages, past and future.

25. As a direct and proximate result of the negligence acts and omissions of Defendant Dunn, Plaintiff Hildegard B. Herriage has suffered permanent impairment and permanent disfigurement; loss of a chance of a 100% chance of long term survivability; the fear of increased risk of recurrence of cancer and shortened life expectancy; loss of enjoyment of life, loss of quality of life, pain, suffering, humiliation, emotional distress, which, at times is debilitating; past, present and future medical expenses; past, present and future loss of earnings; and other expenses and losses yet to be determined.

**WHEREFORE**, Plaintiff requests judgment against the Defendants as follows:

1. The sum of $300,000.00 for permanent impairment, permanent disfigurement, pain, suffering, loss of enjoyment of life, humiliation, emotional distress, the fear of increased risk of recurrence of cancer and a shortened life expectancy;

2. The sum of $1,000,000.00 for the loss of a chance of a 100% chance of survivability;

3. The sum of $1,500,000.00 for past and future medical expenses, to include rehabilitation and psychological counseling;

4. The sum of $3,000,000.00 for past and future lost wages and expenses;

5. Plaintiff's cost in this action, to include attorney fees; and

6. Such other and further damages permitted by common law and state and federal statutes.

**TRIAL BY JURY IS HEREBY DEMANDED.**

Dated this 17th of May, 2007.

                                   RESPECTFULLY SUBMITTED,

                                   **s/William G. Fischer**
                                   WILLIAM G. FISCHER, P.C.
                                   William G. Fischer, #6999
                                   1524 W. Colorado Avenue
                                   Colo Springs, CO 80904
                                   Telephone: (719) 475-2300
                                   Fax: (719) 227-1112
                                   E-Mail: fwgpc@qwest.net

                                   ATTORNEY FOR PLAINTIFF

Plaintiffs Address:
4265 Danceglen Drive
Colo Springs, CO 80906